IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        No. 1:25-cr-05048-KG

SAMANTHA LEE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Samantha Lee's Motion to Dismiss Indictment, Doc. 21, the Government's Response, Doc. 25, and Defendant's Reply, Doc. 31.  For the reasons below, the Court denies the motion.

## I.    *Background*

Defendant is accused of arson in the October 14, 2024, burning of a storage warehouse in Albuquerque, New Mexico.  Doc. 1 at 1.  According to the indictment, Defendant "maliciously damaged and destroyed, by means of a fire, a storage warehouse for the Crowne Plaza Hotel and The Querque Hotel."  *Id.*  The indictment alleges that the building "was used in interstate commerce and in an activity affecting interstate commerce."  *Id.*

Defendant moves to dismiss the indictment, arguing that "the storage warehouse is too tangential of a link to interstate commerce" to establish federal jurisdiction.  Doc. 21 at 1.  She contends that because "the storage warehouse did not house guests and had no markings" indicating ownership, the simple fact that it was "allegedly owned by a hotel or motel and used by the hotel...does not transform this case into a federal matter."  *Id.* at 2, 4.  As a result,

Defendant concludes that this case involves "a purely intrastate allegation of arson" that does not implicate federal jurisdiction.  *Id.* at 6.

The Government urges the Court to deny Defendant's motion.  *See* Doc. 25.  It argues that Defendant improperly "challenges the strength of the evidence she believes the United States will present at trial."  *Id.* at 4.  As a result, the Government reasons that Defendant's motion is "premature and outside of the Court's authority at this stage of the case" and "strongly objects" to the Court's consideration of the sufficiency of their evidence."  *Id.* at 1, 4.

## II.    *Legal Standard*

An indictment is sufficient if it "sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."  *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006); *see also* Fed. R. Crim. P. 12(b)(2).  Courts are generally bound by the allegations within the indictment when a defendant challenges an indictment's sufficiency and should refrain from considering any evidence outside of the indictment.  *See United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994).  Moving to dismiss an indictment "is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence."  *Id.* Rather, "the allegations are to be taken as true" and the indictment should only be tested "on the basis of the allegations."  *Id.*; *see also United States v. Samspon*, 371 U.S. 75, 78–79 (1962) (reasoning that dismissal of an indictment is a question of "its sufficiency to charge an offense" rather than sufficiency for conviction.)  An exception to the general rule exists only if "the operative facts are undisputed and the government fails to object to the district court's consideration of the undisputed facts in making the determination."  *Id.* at 1088.

### III.    Analysis

Defendant's Motion to Dismiss Indictment, Doc. 29, is denied.  First, the indictment adequately sets forth the elements of 18 U.S.C. § 844(i), which criminalizes arson under federal law.  Section 844(i) prohibits the malicious destruction by means of fire or explosive any property "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce."  *Id.*  Here, the indictment charges that Defendant "maliciously damaged or destroyed, by means of fire" the hotel warehouse "which [] was used in interstate commerce and in an activity affecting interstate commerce."  Doc. 1 at 1.  The charge of the indictment adequately sets forth the elements of § 844(i), satisfying the first part of the sufficiency test set forth in *Todd*.  446 F.3d at 1067.

Next, the indictment provided fair notice to Defendant of the charges against her by specifying the date of the alleged arson, "on or about October 14, 2024," and the specific warehouse that burned down, "for the Crowne Plaza Hotel and The Querque Hotel," enabling her to also assert any potential double jeopardy defense, satisfying the second part of the sufficiency test set forth in *Todd*.  *See* Doc. 1 at 1; *Id.*

Lastly, the exception to the rule set forth in *Hall*, allowing district courts to consider evidence outside of the indictment, does not apply.  *See Hall*, 20 F.3d at 1088.  Here, the Government "strongly objects" to the Court's consideration of facts beyond the face of the indictment.  Doc. 25 at 1; *Id.*  As a result, the Court declines to measure the sufficiency of the Government's evidence at this stage.  *Cf.* Fed. R. Crim. P. 29.

Defendant's counterarguments are also unpersuasive.  She attempts to square the facts of this case with the legal reasoning in *United States v. Chavarria*, 140 F.4th 1257 (10th Cir. 2025).  In *Chavarria*, the indictment alleged that the defendants "used a motor vehicle, a means facility

and instrumentality of interstate commerce" to commit kidnapping that resulted in death. *Id.* at 1260. The federal kidnapping statute requires that the Government prove that a defendant either transports the victim "in interstate or foreign commerce" or uses "the mail, or any means, facility, or instrumentality of interstate or foreign commerce" in committing the offense. 18 U.S.C. § 1201(a). Because the conduct in that case was entirely intrastate, the indictment was found to be insufficient because the use "of a common vehicle," without anything more, was not enough to serve as an instrumentality of interstate commerce. *United States v. Chavarria*, 2023 WL 3815203, at *8 (D.N.M.). The Tenth Circuit affirmed this Court's dismissal of that indictment and held that "motor vehicles" are not automatically presumed to be "instrumentalities of interstate commerce" for purposes of asserting federal jurisdiction in a kidnapping case. *Chavarria,* 140 F.4th at 1265.

Chavarria is inapposite to the facts of this case. Arson becomes a federal crime if the offender sets fire, or attempts to set fire, to a property "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." § 844(i). The language "*affecting* interstate or foreign commerce" provides broader latitude than the kidnapping statute and could encompass instrumentalities that, standing alone, may not implicate interstate commerce. *Id.* (emphasis added); *see Grassie*, 237 F.3d at 1208 ("Both the indictment and the jury instructions in this case required the jury to find that the Roswell church and Jensen's vehicle were used in an activity affecting interstate commerce."); *see also* 10th Cir. Pattern Crim. Jury Instruction No 1.39.1 ("If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element."). Whether or not this particular storage warehouse affected interstate commerce is a question to be resolved at trial.

4

*IV.*     *Conclusion*

For the reasons above, Defendant's Motion to Dismiss Indictment, Doc. 21, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.